BEFORE THE THIRD DIVISION, JUNE 23, 1943

**No. 48421.**—Protests 88903–K, etc., of M. Aminoff et al. (New York).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 48422.**—Protest 25547–K of O. E. Barrant (San Francisco).

KEEFE, Judge: The merchandise here consists of decorated boxes òf wood or cinnabar, the wood being carved and the cinnabar decorated. They were imported with irregular-shaped small decorated china dishes which fit snugly together in the boxes. The collector assessed the chinaware dishes with duty at 70 percent ad valorem under paragraph 212 of the Tariff Act of 1930 as china articles, the decorated wood boxes at 33⅓ percent ad valorem under paragraph 412, as manufactures of wood, and the cinnabar boxes at 40 percent ad valorem under paragraph 214, as articles of decorated earthy or mineral substances. The plaintiff claims that the importations are sweetmeat sets and are entireties. That as the boxes are in chief value, the sets are properly dutiable as manufactures of wood under paragraph 412 or as articles of decorated earthy or mineral substances under paragraph 214.

The plaintiff's bookkeeper who also checked all imported merchandise upon arrival and again upon the sale thereof, and who at times acted as salesman for the merchandise, testified that he had never seen the contents of the boxes sold separate and apart from the boxes; that the articles offered for sale are called sweetmeat sets, and within his limited observation he had seen them used for serving hors d'oeuvres, candies, and sweetmeats. That the bottom part of the box is essential to the use to which the dishes are put; and that it is not essential that the "trays" have a cover, such sets also being sold without covers.

A sample of a wooden box and of the chinaware dishes separately packed were admitted in evidence. The boxes on the inside are neither grooved nor partitioned as receptacles for the variously shaped dishes. The dishes, however, when placed in the box, exactly fit into the same. There is no doubt that the dishes were meant to be used in connection with the boxes. However, there is nothing to indicate that the dishes are not interchangeable. Item number 1308, for example, is listed on the invoice as "25 pieces Wooden boxes." On the next line under the same item number appears "25 sets Porcelain trays (7)." Evidently any set of trays may be used in connection with any one of the wooden boxes.

In the case of *Kwong Yuen & Co.* v. *United States*, T. D. 49409, this court elaborately detailed the principle relating to entireties and the general exceptions thereto. We held there that articles imported together form an entirety for dutiable purposes when in such condition that a joining together thereof creates a complete article of commerce, merging the parts into a new article, having a new name and a new use. The chinaware dishes here before us may be used in connection with the lower part of the box as a tray, or as a separate entity. Likewise, the box may be used for any purpose for which it is adaptable. The dishes, when placed in the box, are still dishes, and the boxes are still boxes, and fail to create a new article, having a new name and new use, although forming sweetmeat sets when used in connection with each other.

From a careful consideration of the records before us, and in view of our holding in the *Kwong* case, *supra*, we hold that the decorated chinaware articles are not entireties with the boxes imported to be used in connection therewith. Judgment will be accordingly entered in favor of the defendant.